IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM H. SMALLWOOD,<br>2207 East 1980 Road<br>Antlers, Oklahoma 74523<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES DEPARTMENT<br>OF JUSTICE<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br><br>Defendant | Civil Action No. 16-1654 |

## COMPLAINT
### (For Violation of the Freedom of Information Act)

Summary

1. Defendant the United States Department of Justice has refused to release responsive agency records requested by plaintiff William H. Smallwood in violation of the Freedom of Information Act, 5 U.S.C. § 552 et seq.

2. In 2010, the Department of Justice approved payment of $680 million from the permanent continuing appropriation known as the Judgment Fund to settle class action discrimination claims by Mr. Smallwood and other victimized Native American farmers and ranchers in a case titled *Marilyn Keepseagle v. Tom Vilsack, Secretary, United States Department of Agriculture*, Case No. 1:99-cv-03119-EGS (DDC).

3. Mr. Smallwood and approximately 3,600 other Native American farmers and ranchers with meritorious discrimination claims have been paid approximately $183 million

through a two-track class action settlement process that initially capped recovery at either $50,000.00 (Track A) or $250,000.00 per claimant (Track B).

4. Approximately $61 million has been paid to class counsel.

5. Approximately $56 million has been paid to the Internal Revenue Service.

6. The Department of Justice - - contrary to normative class action law, without statutory authority, and in violation of U.S. Const. Art. I, § 9, cl. 7 - - insists that the approximate $380 million in remaining funds be paid to uninjured non-parties with no claims against the United States.

7. Mr. Smallwood, in his own right and on behalf of others similarly situated, has sued the Department of Justice and the United States Department of Agriculture to protect the Constitution and the Judgment Fund. See William H. Smallwood, Jr. v. Thomas Vilsack, et al, Case No. 1:16-cv-00161-RBW (DDC). He seeks, inter alia, an order prohibiting the government's unlawful overreach by requiring that the $380 million be paid to the 3,600 victimized Native American farmers and ranchers rather than to non-parties without claims.

8. Reporting by the New York Times suggests that political appointees in the Department of Justice, the White House, and the Department of Agriculture have weaponized the Judgment Fund, using it as a slush fund to pay off favored groups. *See* http://www.nytimes.com/2013/04/26/us/farm-loan-bias-claims-often-unsupported-cost-us-millions.html?_r=0money.

## Jurisdiction and Venue

9. This court has subject matter jurisdiction and personal jurisdiction under 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552(a)(6)(C), 28 U.S.C. § 1331, and 5 U.S.C. § 701 et seq.

10. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

Facts

11. On April 5, 2016, Mr. Smallwood filed a Freedom of Information request with the Department of Justice seeking records related to this issue. Exhibit 1.

12. On May 5, 2016, the Department of Justice responded, *inter alia*, that Mr. Smallwood's request was "complex." No time was estimated for compliance. Exhibit 2.

13. On May 11, 2016, Mr. Smallwood filed an administrative appeal. He argued, *inter alia*, that the Department of Justice failed: (a) to make a determination on his request and identify applicable exemptions within the prescribed 20 day time period as the law requires; (b) to provide him with written notice that his request triggered "unusual circumstances" within the 20 day deadline set by 28 C.F.R. §16.5(c); (c) to adequately specify the relevant "unusual circumstances" applicable to his request or to cite any regulatory or statutory grounds for this determination; and (d) to specify the "other Offices" that were implicated by his request (and that this was not an exception listed in 5 U.S.C. 552 § (a))(6)(B)(i)-(iii) nor a regulatory basis for delay in any event). Mr. Smallwood also argued that the Department violated 28 C.F.R. §16.5(b) by placing his request on a complex track without respect for the actual "complexity of the records search and on the volume and complexity of any records located." Exhibit 3.

14. On July 21, 2015, the Department of Justice denied Mr. Smallwood's appeal, responding that there was nothing to appeal because no adverse determination had been made and that its assignment of his request to a complex track and its claim of "unusual circumstances" were justified in any event. Exhibit 4.

15. The Department of Justice has yet to produce any records or estimate a production date although over 120 days have elapsed since Mr. Smallwood submitted his Freedom of Information Act request.

<u>Claim for Relief</u>

16. Mr. Smallwood repeats paragraphs 1-15.

17. The Department of Justice has violated, and continues to violate, the Freedom of Information Act, including but not limited to the statutory deadline provisions as well as its own Freedom of Information Act regulations.

18. If the Department of Justice's regulations do justify its conduct here, as it claims, then those regulations are unlawful and unenforceable.

19. Mr. Smallwood is entitled to injunctive relief compelling the release of all requested records, a fee waiver, costs, and reasonable attorney fees.

<u>Requested Relief</u>

WHEREFORE, Mr. Smallwood asks this Court:

A. To Order the Department of Justice to produce all responsive agency records within ten (10) business days from the date of the order or to show cause why it cannot do so.

B. To Order the Department of Justice to demonstrate that it has conducted a lawfully adequate search for responsive agency records.

C. To Order the Department of Justice to grant Plaintiff's requested fee waiver.

D. To Order the Department of Justice to pay Plaintiff's costs and reasonable attorney fees as required by 5 U.S.C. § 552(a)(4)(E).

E.      To grant such other relief as may be just and proper.

                          Respectfully submitted,
                          DINSMORE & SHOHL LLP

                          /s/ Reed D. Rubinstein
                          William A. Sherman  (1005932)
                          Reed D. Rubinstein  (400153)
                          James Wm. Morrison  (374081)
                          801 Pennsylvania Ave., N.W., Suite 610
                          Washington, D.C. 20004
                          Phone: (202) 372-9100
                          Fax:  (202) 372-9141

                          william.sherman@dinsmore.com
                          reed.rubinstein@dinsmore.com
                          james.morrison@dinsmore.com
                          **Attorneys for Plaintiff William H. Smallwood, Jr.**