**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| WILLIAM H. SMALLWOOD,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendant. | ) | Civil Action No. 1:16-cv-01654-CRC |

**REPLY MEMORANDUM IN FURTHER SUPPORT**
**OF MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff's Opposition fails to overcome the showing made in Defendant United States Department of Justice's Motion for Judgment on the Pleadings ("Motion"). Defendant's Motion explained that, according to well established legal principles, Plaintiff lacks standing to pursue his purported FOIA claim. Plaintiff's name "does not appear on [the] request for records" and therefore he "has not made a formal request for documents within the meaning of the statute" and "has no right to receive . . . the documents[.]" *McDonnell v. United States*, 4 F.3d 1227, 1236-37 (3d Cir. 1993).[1]

Plaintiff's response hinges on a misunderstanding of the applicable legal standard. Plaintiff erroneously contends that "the question for this court is whether the entire administrative record reasonably identifies plaintiff as a real party-in-interest for Freedom of Information Act purposes." Opp'n at 2. Neither of the decisions cited by Plaintiff on this point support his mistaken view of the pertinent legal question. First, *Hall v. CIA*, 2005 U.S. Dist.

[1] Plaintiff concedes that the FOIA request in this case did not "specify[] that the request was on plaintiff's behalf." Opp'n at 1.

LEXIS 6638 (D.D.C. Apr. 13, 2005), does not hold that a plaintiff has standing so long as he or she was identified somewhere in "the entire administrative record." To the contrary, *Hall* states the familiar principle that "a person 'whose name does not appear on a request for records has not made a formal request for documents within the meaning of the statute.'" 2005 U.S. Dist. LEXIS 6638, at *12 (quoting *McDonnell*, 4 F.3d at 1236-37). Likewise, in the other case cited by Plaintiff, *Brown v. EPA*, 384 F. Supp. 2d 271 (D.D.C. 2005), the plaintiff, Paula Brown, had standing because she was clearly identified in the request itself: "Plaintiff's counsel stated in the first line of his request to the EPA requesting the documents that 'I represent Paula D. Brown,' and that 'Ms. Brown has hired me to obtain certain documentation pursuant to [FOIA]'" and the "second page of the request contains a signed and dated authorization from plaintiff stating that she 'hereby authorizes William T. Irelan as her attorney-in-fact to obtain the above documents on her behalf.'" *Id*. at 276. Accordingly, Plaintiff offers no authority holding that a plaintiff can have standing under the FOIA even if he or she was not identified in the FOIA request.

As discussed in the Motion (at 3 n.1), the mere fact that Plaintiff was mentioned in the administrative appeal, almost two months after the FOIA request was made, does not provide him standing in this case. To determine standing, courts consider whether the plaintiff in a FOIA action was identified in the "request for records" itself. *McDonnell*, 4 F.3d at 1236; *see also Three Forks Ranch Corp. v. BLM*, 358 F. Supp. 2d 1, 2-3 (D.D.C. 2005); *SAE Prods. v. FBI*, 589 F. Supp. 2d 76, 79-81 (D.D.C. 2008). Just as a FOIA requester cannot add to or enlarge a FOIA request through an administrative appeal, *see Thomas v. Office of the U.S. Attorney for E.D.N.Y.*, 171 F.R.D. 53, 55 (E.D.N.Y.1997), similarly, he or she cannot confer standing on another person by mentioning that person in the administrative appeal. But even if that were not the rule, the administrative appeal here is vague as to whether it was being taken on Plaintiff's behalf as it

refers both to "our client's FOIA requests" and also to "our requests." Brinkmann Decl., Ex. C at 2. Under these circumstances, Plaintiff plainly lacks standing.

Furthermore, "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *SAE Prods.*, 589 F. Supp. 2d at 80 (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). "A core element of Article III's case-or-controversy requirement is that a plaintiff must establish that he or she has standing to sue." *Id*. For this reason, "[f]ederal courts interpret jurisdictional statutes narrowly." *Pre-Paid Legal Servs. v. Cahill*, 786 F.3d 1287, 1290 (10th Cir. 2015). "[I]f there is ambiguity as to whether the instant statute confers federal jurisdiction over this case, [federal courts] are compelled to adopt a reasonable, narrow construction." *Id*. (alteration in original). Accordingly, here, to the extent that there is ambiguity over whether the FOIA confers jurisdiction over a case in which the plaintiff was not identified in the request letter but instead only in the later administrative appeal, this Court should construe the FOIA narrowly and hold that Plaintiff lacks standing. Given that no decision of any court has ever interpreted the FOIA to confer standing in a situation akin to this one, a narrow construction is particularly appropriate here.

## CONCLUSION

For the foregoing reasons and the reasons discussed in Defendant's Motion, Defendant respectfully requests the Court enter judgment on the pleadings in favor of Defendant and dismiss Plaintiff's Complaint.

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
United States Attorney

DANIEL F. VAN HORN, D.C. Bar # 924092

Chief, Civil Division

By: /s/________________________________
JOSHUA M. KOLSKY, D.C. Bar # 993430
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2541

*Attorneys for Defendant*