UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM H. SMALLWOOD,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendant. | Case No. 1:16-cv-01654-CRC |

### OPINION AND ORDER

An attorney makes a Freedom of Information Act request for documents that are of interest to her client, but does not indicate that the request is being made on the client's behalf. Does the *client* have standing to file suit challenging the agency's response to the request? The Court joins numerous of its colleagues in answering no. It will therefore grant the Government's motion for judgment on the pleadings and dismiss the suit.

### I.  Background

William Smallwood's attorney filed a FOIA request seeking documents related to a class action settlement in which Mr. Smallwood was a party. Def's Mot. Summ. J. ("MSJ"), Decl. of DOJ Office of Information Policy Attorney Vanessa Brinkmann at ¶ 3 ("Brinkmann Decl."); Compl. ¶ 2. The request identified the attorney as the "Requester." See MSJ, Ex. A. It did not include any reference to a client generally, or to Mr. Smallwood specifically. Id.

In a letter dated May 5, 2016, DOJ informed Smallwood's attorney that it had received the request and determined that the request fell within FOIA's "unusual circumstances" exception. See MSJ, Ex. B. Under FOIA, the deadline for an agency to respond to a request is extended where the request concerns "unusual circumstances," such as "the need to search for

and collect the requested records from field facilities or other establishments that are separate from the office processing the request." 5 U.S.C. § 552 (a)(6)(B)(iii). Smallwood's attorney filed an administrative appeal of this determination. In the appeal, the attorney noted that the request was "[c]reated on behalf of: William H. Smallwood." See MSJ, Ex. C. The agency affirmed the determination on July 21, 2016. See MSJ, Ex. E. In doing so, it noted that such a determination is not an "adverse determination" that is subject to administrative appeal. Id. The agency did not make any reference to Smallwood in its decision or in any of its correspondence with his attorney concerning the request. See MSJ, Exs. B, C, E.

Smallwood filed suit in this Court on August 16, 2016. He alleges that DOJ's determination of "unusual circumstances" violated FOIA and the associated regulations. See Compl. ¶ 13. He seeks an order from the Court directing the agency to produce all responsive records and demonstrate that it has conducted an adequate search. Id. at ¶¶ 15–19. DOJ has moved for judgment on the pleadings, asserting that the attorney's failure to indicate that the initial request was made on Smallwood's behalf deprives him of standing to sue.

**II.   Legal Standard**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The appropriate standard for reviewing a motion for judgment on the pleadings is that of a motion to dismiss under Rule 12(b). See Robinson-Reeder v. Am. Council on Educ., 532 F. Supp. 2d 6, 12 (D.D.C. 2008). Because standing is jurisdictional, see Grocery Mfrs. Ass'n v. EPA, 693 F.3d 169, 174 (D.C. Cir. 2012), the Court will apply the standard of a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1). While the Court must accept the factual allegations in the complaint as true, "[t]he plaintiff's factual allegations in the

2

complaint will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." Common Purpose USA, Inc. v. Obama, 227 F. Supp. 3d 21, 21 (D.D.C. 2016) (internal citation omitted). After all, the Court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." Grand Lodge of Fraternal Order of Policy v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001) (internal citation omitted).

## III.  Discussion

Article III of the Constitution limits the jurisdiction of federal courts to actual "cases" and "controversies." U.S. Const. art. III, § 2. This limitation requires a party to establish standing. Wetzel v. U.S. Dep't of Veterans Affairs, 949 F. Supp. 2d 198, 201–02 (D.D.C. 2013) (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992)). A party establishes standing by showing (1) that it has sustained an injury-in-fact; (2) a causal connection between the injury and the conduct of the defendant; and (3) a likelihood that the court can redress the injury with a favorable decision. Nat'l Sec. Counselors v. CIA, 898 F. Supp. 2d 233, 253 (D.D.C. 2012) (citing Lujan, 504 U.S. at 560–61) (internal quotation marks omitted).

DOJ contends that Smallwood has not sustained an injury because he did not make the initial FOIA request. "Although the identity of the requester is generally immaterial to the exercise of the rights provided by [FOIA], the nature of an entity *suing* under the FOIA is not without relevance." Feinman v. FBI, 680 F. Supp. 2d 169, 173 (D.D.C. 2010) (citing Military Audit Project v. Casey, 656 F.2d 724, 730 n. 11 (D.C. Cir. 1981)) (internal quotation marks omitted) (emphasis in original). In the context of standing under FOIA, "'[t]he filing of a request, and its denial,' constitutes an injury." Wetzel v. U.S. Dept. of Veterans Affairs, 949 F. Supp. 2d 198, 202 (D.D.C. 2013) (quoting McDonnell v. United States, 4 F.3d 1227, 1238 (3d

3

Cir. 1993). "The requester is injured-in-fact for standing purposes because he did not get what the statute entitled him to receive." Zivotovsky ex rel. Ari. Z. v. Sec'y of State, 444 F.3d 614, 617 (D.C. Cir. 2006) (quoting Linda R.S. v. Richard D., 410 U.S. 614, 617 n.3 (1973)). Accordingly, "if a party has not made a request within the meaning of FOIA, then he does not have standing to bring a lawsuit." Wetzel, 949 F. Supp. 2d at 202.

To be sure, an attorney may make a FOIA request on behalf of a client. But the attorney "must clearly indicate that it is being made on behalf of the [client] to give that [client] standing to bring a FOIA challenge." Three Forks Ranch Corp. v. Bureau of Land Mgmt., 358 F. Supp. 2d 1, 2 (D.D.C. 2005). For example, in Brown v. EPA, 384 F. Supp. 2d 271 (D.D.C. 2005), the defendant agency sought to dismiss a FOIA suit on standing grounds because the plaintiff's attorney, rather than the plaintiff herself, made the initial request. The Court disagreed, noting that the attorney indicated in the first line of the request that it was being made on behalf of a client. Id. at 276–77 ("Plaintiff's counsel stated in the first line of his request to the EPA requesting the documents that 'I represent Paula D. Brown,' and that 'Ms. Brown has hired me to obtain certain documentation pursuant to FOIA.'"). The Court also noted that the correspondence from the agency to the attorney in response to the request "confirms that it was the understanding of all of the parties that [the attorney] was making a request for his client rather than on his own behalf." Id. at 276.

In contrast, courts routinely dismiss FOIA suits where an attorney filed the initial request without indicating that the request was made on behalf of the plaintiff. See, e.g., McDonnell v. United States, 4 F.3d 1227, 1237–38 (3d Cir. 1993); Osterman v. U.S. Army Corps of Eng'rs, 13-cv-1787, 2014 WL 5500396 (W.D. Wash. 2014); Wetzel, 949 F. Supp. 2d at 202; SAE Productions, Inc. v. FBI, 589 F. Supp. 2d 76, 80 (D.D.C. 2008); Haskell Co. v. Dep't of Justice,

No. 05–1110, 2006 WL 627156, at *1–2 (D.D.C. Mar. 13, 2006); Three Forks Ranch Corp., 358 F. Supp. 2d at 2–3; MAXXAM, Inc. v. FDIC, No. 98–0989, 1999 WL 33912624, at *2 (D.D.C. Jan. 29, 1999); Unigard Ins. Co. v. Dep't of the Treasury, 997 F. Supp. 1339, 1342 (S.D. Cal. 1997). Although such a rule might seem somewhat rigid, "a line must be drawn to assure that the 'request' requirement does not devolve into a general interest inquiry," Wetzel, 949 F. Supp. 2d at 204, that would be at odds with both the Constitution's standing requirement and the intent of Congress in enacting FOIA. McDonnell, 4 F.3d at 1237 (noting that FOIA's legislative history reflects Congress's intent that only an individual who submitted a formal request under FOIA may challenge an agency's decision not to release the requested documents).

The FOIA request at issue in this case clearly indicates that Smallwood's attorney is the requester. See MSJ, Ex. A ("Requester: Mrs. Sunni R. Harris"). The "Request Description" portion of the request, moreover, does not indicate that the request was made on behalf of any client, let alone Smallwood. Id. In fact, his name does not appear anywhere in the request. Id. And unlike in Brown, the agency's response to the FOIA request indicates that it was not aware that the attorney was making a request for a client. See MSJ, Ex. B (acknowledging Mrs. Harris as the requester without mentioning Mr. Smallwood); MSJ, Ex. C (acknowledging Mrs. Harris's administrative appeal without mentioning Mr. Smallwood). Accordingly, while Smallwood's attorney might have standing to pursue her FOIA request in federal court, Smallwood himself "has not made a formal request within the meaning of the statute," Feinman, 680 F. Supp. 2d at 173, and therefore lacks standing to do so.

Smallwood seeks to avoid this conclusion by arguing that his attorney indicated that the request was made on his behalf during the administrative appeal. Smallwood is, indeed, mentioned in that appeal. See MSJ, Ex. C ("Requester: Mrs. Sunni R. Harris . . . Created on

5

behalf of: William H. Smallwood."). But "[t]he elucidation of [an attorney-client] relationship on appeal does not change the nature of the request itself." Wetzel, 949 F. Supp. at 204 (rejecting the argument that standing in a FOIA suit can be conferred on administrative appeal). A contrary rule "would [do] nothing to prohibit a party from piggy-backing onto an existing request at any point in the administrative and/or judicial process. Such was not the intent of Congress." Osterman, 2014 WL 5500396 at *4 (citing McDonnell, 4 F.3d at 1237). Accordingly, the Court must dismiss this suit for lack of standing.

## IV. Conclusion

For the foregoing reasons, it is hereby **ORDERED** that Defendant's Motion for Judgment on the Pleadings is **GRANTED**. This case is hereby dismissed in its entirety. This is a final, appealable order.

Date: July 19, 2017

*Christopher R. Cooper*

CHRISTOPHER R. COOPER
United States District Judge

6